UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **WORNER CRUSE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-785** |
| **UNITED STATES OF AMERICA** | **SECTION: "H"(4)** |

### ORDER AND REASONS

  Before the Court is Defendant's Motion for Summary Judgment (R. Doc. 34).  For the following reasons, the Motion is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

### BACKGROUND

  This is a *pro se* action for medical malpractice against the United States

1

on behalf of the Department of Veteran's Affairs.[1]  Plaintiff Worner Cruse alleges that in February 2011 he received a replacement inflatable penile prosthesis implant. Thereafter, he began to experience problems with the device, including pain, redness, infection, and other malfunctions.  Mr. Cruse alleges that he sought medical care on "multiple occasions" at the Veteran's Administration Hospitals in Baton Rouge and New Orleans ("Veterans") but that his issues were not resolved or relieved.  Mr. Cruse subsequently visited a private-practice urologist who advised him that the device was "positioned incorrectly and needed immediate surgical repair."[2]  He underwent emergency surgery to remove the device and treat the ongoing infection.  Plaintiffs allege that Veterans was negligent in failing to recognize that Mr. Cruse's implant needed surgical repair and in failing to properly treat his condition.

Defendant has filed the instant Motion for Summary Judgment, asking this Court to dismiss Plaintiffs' claims because they have failed to produce expert evidence to prove the essential elements of their claims.  Plaintiffs have not opposed this Motion.  The Court may not, however, simply grant the instant Motion as unopposed.  The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[3]  Accordingly, this Court has

---

[1] Plaintiff Joyce Cruse, Plaintiff Worner Cruse's wife, brings claims for loss of consortium.

[2] R. Doc. 1.

[3] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

considered the merits of Defendant's Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a

---

[4] Fed. R. Civ. P. 56(c) (2012).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[7] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Under the Federal Tort Claims Act, the law of the state in which the tort occurred applies.[12]  Accordingly, Louisiana's law of medical malpractice applies in this case.  According to Louisiana law, in order to succeed in a claim for medical malpractice, Plaintiffs must show:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians . . . licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; . . .
> (2) That the defendant either lacked this degree of knowledge or

---

[9] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[10] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[11] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[12] *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1450 (5th Cir.) amended on reh'g in part, 905 F.2d 61 (5th Cir. 1990)

>skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.[13]

Defendant argues that Plaintiffs have not met this burden because they have not provided expert testimony to establish either the standard of care or Defendant's breach of that standard. Indeed, Plaintiffs have failed to offer any expert testimony. In recognition of Plaintiff's *pro se* status, this Court extended the original deadline for the submission of Plaintiffs' expert report from June 2, 2015, to August 26, 2015. At a status conference on September 3, 2015, Plaintiffs informed the Court that they were unable to secure an expert.[14]

"Generally, expert testimony is required to establish the applicable standard of care and whether or not the standard was breached, unless the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony."[15] Accordingly, because Plaintiff has not provided this Court with expert testimony, the resolution of this Motion turns on whether Defendant's alleged negligence rises to this level of obviousness.

The Louisiana Supreme Court has stated that "[e]xpert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay

---

[13] La. Rev. Stat. § 9:2794.

[14] R. Doc. 37.

[15] *Banister v. Day*, 13 So. 3d 229, 233 (La. App. 5 Cir. 2009).

person can infer negligence."[16] Plaintiffs' Complaint alleges that Defendant was negligent in failing to recognize and treat Mr. Cruse's condition and recommend surgical repair. These allegations do not rise to this level of obvious negligence as identified by Louisiana courts. The failure to make a certain diagnosis or provide a certain treatment is not so obviously negligent that a lay person would recognize it as such.[17] Without expert evidence, this Court has no way of determining what standard of care Defendant should have provided and how its actions fell short of that standard.

In deciding this Motion, this Court has taken particular note of Plaintiffs' *pro se* status and has provided them with considerable leniency. The Court held six in-court status conferences and stressed to Mr. Cruse the importance of acquiring expert evidence at each one.[18] In addition, this Court allowed Plaintiffs nearly three additional months within which to acquire an expert. In *Fujita v. U.S.*, the Fifth Circuit held that a district court did not abuse its discretion in granting summary judgment and dismissing a *pro se* litigant's case when he was unable to designate an expert witness to establish the standard of care in a medical malpractice case.[19] The district court in that case had extended the expert report deadline several times, but the Fifth Circuit noted that it would have been justified in enforcing the deadline in its first extension, which

---

[16] *Pfiffner v. Correa*, 643 So. 2d 1228, 1233 (La. 1994).

[17] *See Dick v. United States*, No. 06-0434, 2007 WL 1557208, at *5 (W.D. La. May 25, 2007) ("Treatment of cancer, or rather the alleged lack of proper treatment for cancer, is not the type of open and obvious negligence for which expert testimony is not necessary.").

[18] R. Docs. 26, 27, 30, 31, 35, 37.

[19] *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).

gave the *pro se* plaintiff an additional two months to secure an expert.[20] Likewise, this Court has provided Plaintiffs with considerable leniency, but it can no longer continue to hold Defendant's Motion in abeyance. Without expert testimony Plaintiffs cannot establish essential elements of their claims, and this Court has no choice but to grant summary judgment in Defendant's favor.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is GRANTED, and the plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of October, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Id.*